UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LIBERTY STEEL PRODUCTS, INC., ) | CASE NO. 4:05CV1124 |
| ) | |
| Plaintiff, ) | |
| ) | Magistrate Judge George J. Limbert |
| v. ) | |
| ) | **AMENDED MEMORANDUM OPINION** |
| ACORE DOOR COMPANY, INC., et al. ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

The above case came before this Court on a motion for summary judgment filed by Plaintiff on March 8, 2006. ECF Dkt. #34. Defendant has not responded to the motion. For the following reasons, the Court GRANTS Plaintiff's motion for summary judgment. *Id.*

**A.    FACTS AND PROCEDURAL HISTORY**

On May 4, 2005, Plaintiff filed a complaint in this Court and on May 20, 2005, Plaintiff filed an amended complaint alleging that Defendants breached a contract with Plaintiff and owed Plaintiff $177,897.30. ECF Dkt. #s 1, 6. After requesting extensions of time within which to file an answer, Defendant answered the complaint on July 27, 2005. ECF Dkt. #17.

On October 20, 2005, this Court granted Plaintiff an Order of Attachment against Defendants' property located in Michigan. ECF Dkt. #30. On November 21, 2005, Plaintiff states that it served on Defendants its first requests for interrogatories, production of documents and things, and requests for admissions. ECF Dkt. #34 at 3. On February 2, 2006, this Court granted the parties' oral request and stipulation to extend the discovery deadline to February 28, 2006 and the dispositive motion deadline to March 28, 2006. ECF Dkt. #33.

On March 8, 2006, Plaintiff filed the instant motion for summary judgment. ECF Dkt. #34.

1

Plaintiff served a copy of this motion on Defendant via the Court's electronic filing system on the same date. *Id*. Defendant has not filed a response to the motion and Plaintiff states that Defendant has not responded to any of its discovery requests, including the requests for admissions. *Id*. at 3.

**B.      LAW AND ANALYSIS**

In its motion for summary judgment, Plaintiff asserts that no genuine issues of material fact remain to be litigated and it is entitled to judgment as a matter of law because Defendant has admitted the matters contained within Plaintiff's request for admissions. ECF Dkt. #34 at 6-11. Plaintiff submits that by failing to answer or otherwise respond to Plaintiff's request for admissions, Defendant had admitted to all of the matters contained within its request for admissions. *Id.*

Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(C). The party moving for summary judgment bears the initial burden of informing the Court of the basis for the motion, and must identify the portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986), quoting FED. R. CIV. P. 56(C). This initial burden can be discharged by the moving party if he shows that the nonmoving party has failed to establish an essential element of the nonmoving party's case for which he bears the ultimate burden of proof at trial. *Id.; Morales v. American Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir. 1995). The evidence submitted must be viewed in a light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

If the moving party meets his burden on summary judgment, then the nonmoving party must

2

take affirmative steps to avoid the entry of a summary judgment. Fed.R.Civ.P. 56(e). The nonmoving party must present additional evidence beyond the pleadings. *Id.* The nonmoving party must do this by presenting more than a scintilla of evidence in support of his or her position. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Summary judgment must be granted unless sufficient evidence exists that favors the nonmoving party such that a judge or jury could reasonably return a verdict for that party. *Id.* at 249. The Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* If a party fails to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then the Court is required to enter summary judgment. *Celotex Corp.*, 477 U.S. at 322.

The Court GRANTS Plaintiff's motion for summary judgment. ECF Dkt. #34. Plaintiff points the Court to the evidence to support its position that Defendant owes Plaintiff $177,887.30[1] plus interest on the account it had with Plaintiff and evidence that Defendant breached the agreement between the parties in this case. Plaintiff cites Rule 36(a) of the Federal Rules of Civil Procedure, *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-549 (5th Cir. 1985) and *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) as support that all matters contained within its request for admissions to Defendant are deemed admitted and these admissions can serve as a basis for a summary judgment motion. ECF Dkt. #34 at 7-8. Plaintiff also attaches a copy of the request for admissions sent to Defendants which contain a certificate of service indicating that he served the request for admissions via this Court's electronic filing system on November 21, 2005. *Id.*, Attachment 1.

Rule 36(a) of the Federal Rules of Civil Procedure, in relevant part, provides that:

---

[1] The Court notes that Plaintiff's amended complaint seeks $177,897.30 and its motion for summary judgment seeks this amount well. However, the request for admissions that dealt with this amount specifically requested that Defendant admit that it owed Plaintiff $177,887.30. ECF Dkt. #33, Attachment 1, Request for Admission Number 2. Since Defendant failed to answer this Request which results in an admission, the Court finds that Defendant admitted that it owed $177,887.30 and not $177,897.30.

3

> The matter is admitted unless, within 30 days after services of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Fed. R. Civ. P. 36(a). Plaintiff served its request for admissions upon Defendant via United States regular mail on November 21, 2005. ECF Dkt. #34, Attachment 1. To date, there has been no response to the request for admissions and Defendant has not filed a motion in this Court requesting an extension of time within which to file its responses. Matters deemed admitted from a failure to respond to requests for admissions can serve as a basis for a summary judgment motion. *Lovejoy v. Owens*, 86 F.3d 1156(Table), No. 94-4224, 1996 WL 287261, *1 (6th Cir. May 28, 1996), unpublished; *In Re Niswonger*, 116 B.R. 562 (S.D. Ohio 1990). Thus, the matters contained within Plaintiff's request for admissions that Defendant failed to answer are deemed admitted pursuant to Rule 36(a). Fed. R. Civ. P. 36(a).

Consequently, Defendant has admitted to the very issues of material fact that may have been disputed in this case. Defendant admits that Plaintiff complied with all requirements of the contracts at issue in the instant lawsuit, Defendant owes Plaintiff $177,887.30 as of March 28, 2005 plus interest, and Defendant agreed to pay Plaintiff the cost of collection of overdue invoices including, but not limited to, attorney fees. ECF Dkt. #34, Attachment 1 at 3-4, Request for Admissions Numbers 1, 2, 3, 4. Moreover, Defendant further admits that it had agreed not to assign any of its purchase agreements with Plaintiff without prior written consent from Plaintiff, Defendant is a Wisconsin Corporation registered as a domestic corporation in the State of Wisconsin, not registered as a foreign corporation under Ohio laws, but registered as a foreign corporation in the State of Michigan, and Defendant breached a May 18, 2004 Stock Purchase Agreement and a May 18, 2004 Supply Agreement between Defendant and Kolbe & Kolbe Millwork Co., Inc. *Id.*, Request for Admissions Numbers 5, 6, 7, 8, 15. Defendant also admits that it breached the May 18, 2004 Assignment and Assumption Agreement and Intercompany Promissory Note between Defendant and

4

Kolbe & Kolbe Millwork Co., Inc. *Id*., Request for Admissions Numbers 9, 10.  Defendant further admits that it breached the May 18, 2004 Agreement for certain services between Defendant and Kolbe & Kolbe Millwork Co., Inc.. *Id.*, Request for Admission Number 11.  Finally, by virtue of failing to respond to request for admissions, Defendant also admits that Plaintiff fully complied with all conditions precedent and subsequent as to all purchase agreements between Plaintiff and Defendant, Defendant purchased product from Plaintiff indirectly after Plaintiff cut off the supply of steel directly to Defendant, and Kolbe & Kolbe Millwork Co., Inc. will own Defendant if the agreements between Defendant, Deles Industries, Ltd., Kolbe & Kolbe Millwork Co., Inc., Acore Door Ontario, Inc., and Daniel Diena are breached by other than Kolbe & Kolbe Millwork Co., Inc pursuant to the terms of the transaction where Kolbe & Kolbe Millwork Co. Inc. sold Defendant to Deles Industries, Ltd. and Deles Industries, Ltd. assigned its rights and obligations related to Defendant to Acore Door Ontario, Inc.  *Id.*, Request for Admissions Numbers 12, 13, 14.

Plaintiff has therefore met its initial burden on summary judgment by informing the Court of its basis for its motion and by providing evidence to support its position.   Since Plaintiff has met its initial burden of summary judgment, this burden is discharged and the burden shifts to Defendant to show that summary judgment should not be granted for Plaintiff as genuine issues of material fact still exist in the case.  Fed.R.Civ.P. 56(e).  Defendant must present additional evidence beyond the pleadings in order to avoid summary judgment.  *Id.*

Defendant has not met its reciprocal burden on summary judgment and sufficient evidence does not exist such that a judge or jury could reasonably return a verdict for Defendant on any issue in the instant case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986).  Not only has Defendant failed to respond to Plaintiff's request for admissions, but Defendant has also failed to respond to Plaintiff's motion for summary judgment.  In order to prevent the granting of summary judgment, "the non-moving party must show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino v. Brookfield*

5

*Township Trustees*, 980 F.2d 399, 403 (6th Cir. 1992), citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989). This means that the nonmoving party is required to present affirmative evidence on critical issues that would allow a jury to return a verdict in its favor. *Id*. When the nonmoving party fails to respond to a motion for summary judgment, the moving party must still meet its burden under Rule 56 and the Court must still find that there is no genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. *Id.* at 410. However, in the absence of a response to a motion for summary judgment, "the court may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are "uncontroverted." *Id.*

Plaintiff's recitation of the evidence supporting its claims is clearly set forth and supported and meets Plaintiff's summary judgment burden. Defendant, by failing to respond to the request for admissions, has admitted all issues that may have otherwise presented genuine issues of material fact. Further, by failing to respond to the motion for summary judgment, Defendant has presented no arguments disputing either its failure to respond to the admissions or any other facts and issues as presented by Plaintiff. Plaintiff is therefore entitled to judgment as a matter of law.

**C.**     **ATTORNEY FEES, COSTS AND PREJUDGMENT INTEREST**

Plaintiff also requests that the Court order Defendant to pay its attorney fees, costs and prejudgment interest as outlined in the purchase agreement of the parties. ECF Dkt. #33, Attachment 1. Plaintiff refers to Exhibits 1 and 2 of its amended complaint for support for such an award.

The Court reserves ruling on this request until Plaintiff provides the proper support and documentation for such awards, including an itemization of costs and attorney fees, relevant documentation and support for prejudgment interest, and legal support for these awards.

**D.**     **CONCLUSION**

For the above reasons, the Court grants Plaintiff's motion for summary judgment in the

6

amount of $177,887.30.  Further, the Court reserves ruling on Plaintiff's requests for attorney fees, costs and prejudgment interest until Plaintiff files proper documentation and support for these requests and Defendant files a response.

IT IS SO ORDERED.


May 22, 2006                                                                                   */s/George J. Limbert*
DATE                                                                                            GEORGE J. LIMBERT
                                                                                                U.S. MAGISTRATE JUDGE